D. Maimon Kirschenbaum
Matthew Kadushin
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs*

11 CIV 4358

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
XIOMARA FERNANDEZ, TELIZA
ADAMS, AND MONICA MATEO

          **Plaintiffs,**

          v.

229 ELIZABETH CORP. D/B/A CAFÉ
HABANA AND SEAN MEENAN

          **Defendants.**
-----------------------------------------------------------x

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs Xiomara Fernandez, Teliza Adams, and Monica Mateo ("Plaintiffs"), by their attorneys, Joseph, Herzfeld, Hester & Kirschenbaum LLP, allege:

## NATURE OF THE CASE

1. This action is brought against Defendants 229 Elizabeth Corp. d/b/a Café Habana and Sean Meenan ("Defendants") under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Plaintiffs.

2. This action is also filed under the New York Human Rights Law, N.Y Exec. Law § 296 ("NYSHRL") and New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 *et seq* ("NYCHRL").

3. This action is commenced pursuant to a Right to Sue letter that was issued to Plaintiffs on May 23, 2011 (See Exhibit A) by the United States Equal Employment Opportunity Commission New York District Office, granting them authorization to file suit in this court.

4. Plaintiffs have satisfied all administrative and judicial prerequisites to the institution of their claims by commencing this action within 180 days of the issuance and receipt of the notice of right to sue.

5. A copy of this Complaint will be provided to the United States Equal Employment Opportunity Commission New York District Office.

6. The New York City Commission on Human Rights will be notified and sent a copy of this complaint.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the Title VII claims pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

8. This Court has supplemental subject matter jurisdiction over the claims brought under NYSHRL and NYCHRL as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and because the causes of action arose and the acts and omissions complained of occurred in this district.

## THE PARTIES

10. All Defendants are hereinafter collectively referred to as "Defendants."

11. Defendant 229 Elizabeth Corp. is a New York corporation. Defendant 229 Elizabeth Corp. operates Café Habana located in Soho, Manhattan.

12. Defendant Sean Meenan is the Owner and Chief Executive Officer of 229 Elizabeth Corp.

13. Defendants employ over 15 employees.

14. Plaintiff Xiomara Fernandez was employed by Defendants as a server at Café Habana within the last three years.

15. Plaintiff Teliza Adams was employed by Defendants as a server at Café Habana within the last three years.

16. Plaintiff Monica Mateo was employed by Defendants as a server at Café Habana within the last three years.

### Discrimination/Retaliation Claims

### General

17. Café Habana purports to be an eatery "built on the principles of great food, great fun, and social responsibility."

18. Plaintiffs all accepted employment with Defendants expecting a family friendly and socially responsible environment. Unfortunately for Plaintiffs, they were subjected to a heavily sexually charged environment, in which they were required to dress in a sexually provocative manner, asked to pose for pictures scantily clad, and subjected to degrading sexual harassment.

### Xiomara Fernandez

19. Plaintiff Xiomara Fernandez was hired as a server at Café Habana in May 2009.

3

20. Throughout her employment at Café Habana, Ms. Fernandez was instructed to wear clothing that was sexually provocative. It was made clear several times to Ms. Hernandez by Café Habana management that she would be sent home if her clothing to work was not sufficiently "sexy."

21. Plaintiff Fernandez was egregiously harassed by a male chef at Café Habana, "David" (last name unknown.) Throughout Plaintiff Fernandez's employment with Defendants, David was sexually inappropriate with Ms. Fernandez. For example, David several times kissed her on the neck and hand, and consistently commented on Plaintiff Fernandez's appearance.

22. David's actions and behavior made Ms. Fernandez extremely uncomfortable and humiliated.

23. On or about June 6, 2009 at approximately 7:30 am, David approached Ms. Fernandez and kissed her neck while looking down her shirt.

24. Plaintiff Fernandez was understandably disturbed and shaken by this inappropriate behavior.

25. Plaintiff Fernandez made a complaint about David's behavior to the manager on duty, Rachel Pena, on or about June 6, 2009 at approximately 8 am.

26. Ms. Pena did nothing to rectify this blatant sexual assault against Plaintiff Fernandez. Instead, several hours later that day, Ms. Pena terminated Fernandez.

27. Ms. Pena later indicated to other Café Habana employees that she was upset with Plaintiff Fernandez for complaining about the harassment.

### Teliza Adams

28. Plaintiff Teliza Adams was hired as a server at Café Habana in March 2009.

29. Throughout her employment at Café Habana, Ms. Adams was instructed to wear clothing that was sexually provocative. It was made clear several times to Ms. Adams that she would be sent home if her clothing to work was not sufficiently "sexy."

30. In July 2009, Plaintiff Adams was first approached by Defendant Sean Meenan about participating in a risqué "Habana Girls" calendar for the 2009 holiday season.

31. The calendar in previous years showed photographs of Café Habana waitresses scantily clad and in sexually provocative positions. According to Mr. Meenan, the proceeds generated by sales of the calendar were intended to benefit a children's charity owned by Defendant Meenan.

32. Defendants insisted that servers further degrade themselves by requiring the waitresses to sell these calendars to customers they were serving.

33. Defendant Meenan approached and harrased Plaintiff Adams repeatedly, both at work, taking her outside during her busy shifts for thirty minutes at a time, and calling her on her days off to plead with her to pose in the risqué calendar.

34. Plaintiff Adams made clear that she did not want to participate in the calendar in which waitresses were posed suggestively in short skirts, tight shirts which accentuated their cleavage, and where the waitresses' photos were accompanied by suggestive captions contributing to a sexually demeaning portrayal of the women.

35. Defendant Meenan did not respect Plaintiff Adams' answer. He commented that Plaintiff Adams was like so many women "who were beautiful on the outside but bitter on the inside." He questioned her commitment to the restaurant if she would not demean herself to pose suggestively by asking her "how are you going to prove yourself to the restaurant family?"

36. Defendant Meenan told Plaintiff Adams that "It is not about who is the hardest worker or who comes in on time…It's about more than that…The best shifts will go to the girls that will be in the calendar. Your schedule can look like whatever you want if you're in the calendar."

5

37. On or about August 23, 2009 the photo shoot for the Habana Girls occurred.

38. On or about August 25, 2009, Plaintiff Adams was approached by Defendant Meenan again and demanded that she be on the cover of the calendar, and to give the photographer and the hair and make up artists a date to schedule the photo shoot.

39. On or about August 26, 2009 Plaintiff Adams called Defendant Meenan and once again declined to be in the calendar.

40. Defendants wasted no time in retaliating against Ms. Adams.

41. On or about August 26, 2009, the general manager at Café Habana, Rachel Pena, called Plaintiff Adams twenty minutes after she spoke with Defendant Meenan about her declining to pose in the calendar.

42. Ms. Pena told Plaintiff Adams that there was a problem with her work and that her declining to be in the calendar had "raped" the restaurant.

43. At her next shift, Plaintiff Adams was suspended.

44. Plaintiff Adams was told her schedule would be cut if she did not do the calendar.

45. Plaintiff Adams wrote a letter to the Defendants on October 10, 2009 expressing her distress at being in a hostile work environment and being asked to pose in a sexually risqué calendar.

46. On or about November 4, 2009, Plaintiff Adams was fired in direct retaliation for not participating in the calendar. Defendant Meenan also added that her "letter writing campaign," *i.e.,* her complaints of sexual harassment, left them no choice but to fire her.

### Monica Mateo

47. Plaintiff Monica Mateo was hired as a server at Café Habana in October 2007.

48. Plaintiff Mateo experienced many instances where servers' shifts were reduced if they did not dress "sexy enough."

6

49. Plaintiff Mateo was forced to sell the risqué "Habana Girls" calendar during her shifts. This practice made her very uncomfortable because customers would rifle through the pages trying to find her.

50. When customers did not find her, they would make lewd, inappropriate, and sexual comments about how she should pose.

51. Plaintiff Mateo regularly served Hollywood actor Owen Wilson during her shifts at Café Habana.

52. Mr. Wilson expressed an interest in Ms. Mateo and asked her out on a date for coffee.

53. Ms. Mateo declined the date, but was soon after approached by Leslie Meenan, Defendant Meenan's sister and a member of management, who told Ms. Mateo "You know what coffee means in Hollywood, right?," insinuating that Mr. Owen was pursuing her sexually. Ms. Meenan continued, "Don't screw this up. Owen's a good customer."

54. Plaintiff Mateo was told that if she did not pose in the "Habana Girls" calendar she would have to "pimp out" the other servers.

55. On or about August 8, 2009 Plaintiff Mateo was shown her schedule which reflected Defendants anger at her declining to pose in the calendar: her shifts had been reduced from five night shifts per week to no nights, and only a couple of days per week.

56. Ms. Pena told Plaintiff Mateo that she should "put up with it for a few weeks....what happened to you was personal," directly referring to her not being in the calendar.

### FIRST CLAIM FOR RELIEF
(42 U.S.C. §§ 2000e, *et seq.*, Discrimination)
(Brought by all Plaintiffs)

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

7

58. Defendants violated Title VII by intentionally discriminating against Plaintiffs because of their sex.

59. Defendants subjected Plaintiffs to a hostile work environment that was severe or pervasive enough to alter the terms and conditions of their employment.

60. Defendants subjected Plaintiffs to unequal compensation, scheduling, terms, conditions and privileges of employment for equal work; and terminated Plaintiffs Fernandez and Adams.

61. As a direct and proximate consequence of Defendants' discrimination against Plaintiffs, they have suffered, and continue to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past and future salary and company-sponsored benefits.

62. As a direct and proximate consequence of Defendants' discrimination against Plaintiffs, they have suffered, and continue to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiffs' good name and reputation, lasting embarrassment, humiliation and anguish.

63. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiffs' protected civil rights.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. §§ 2000e, *et seq.*– Retaliation)
(Brought by all Plaintiffs)

64. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65. In violation of Title VII, Defendants retaliated against Plaintiffs by acting in a materially adverse way towards Plaintiffs because they complained about sexual harassment and sex discrimination.

66. Defendants discriminated against Plaintiffs in regard to the compensation, terms, conditions, and privileges of Plaintiffs' employment, in violation of Title VII.

67. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

68. As a direct and proximate consequence of Defendants' discrimination against Plaintiffs, they have suffered, and continue to suffer, substantial monetary damages, including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

69. As a direct and proximate consequence of Defendants' discrimination against Plaintiffs, they have suffered, and continue to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiffs' good name and reputation, lasting embarrassment, humiliation and anguish.

70. Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiffs' protected civil rights.

### THIRD CLAIM FOR RELIEF
**(NYSHRL, N.Y. EXEC. LAW § 296(6) – Discrimination)**
**(Brought by all Plaintiffs)**

71. Plaintiffs incorporate by reference each allegation of each preceding paragraph.

72. In violation of NYSHRL, Defendants intentionally discriminated against Plaintiffs on the basis of their sex by subjecting Plaintiffs to a sexually harassive hostile work environment that was severe or pervasive enough to alter the terms and conditions of their employment.

73. Defendant Sean Meenan is the Owner and Chief Executive Officer of 229 Elizabeth Corp.

74. Defendant Sean Meenan was actively involved in the discrimination against Plaintiffs.

9

75. As a result of Defendants' discrimination, Plaintiffs are entitled to monetary damage and compensatory damages, including emotional distress.

## FOURTH CLAIM FOR RELIEF
### (NYSHRL- Retaliation)
### (Brought by all Plaintiffs)

76. Plaintiffs incorporate by reference each allegation of each preceding paragraph.

77. In violation of NYSHRL, Defendants intentionally retaliated against Plaintiffs for complaining about sexual harassment by drastically reducing their shifts and/or terminating their employment.

78. Defendant Sean Meenan is the Owner and Chief Executive Officer of 229 Elizabeth Corp.

79. Defendant Sean Meenan was actively involved in the discrimination against Plaintiffs.

80. As a result of Defendants' discrimination, Plaintiffs are entitled to monetary damage, including backpay and frontpay and compensatory damages, including emotional distress.

## FIFTH CLAIM FOR RELIEF
### (NYCHRL- Discrimination)
### (Brought by all Plaintiffs)

81. Plaintiffs incorporate by reference each allegation of each preceding paragraph.

82. In violation of NYCHRL, Defendants intentionally discriminated against Plaintiffs on the basis of their gender by subjecting Plaintiffs to a sexually harassive hostile work environment that was severe or pervasive enough to alter the terms and conditions of their employment.

83. Defendant Sean Meenan is the Owner and Chief Executive Officer of 229 Elizabeth Corp.

84. Defendant Sean Meenan was actively involved in the discrimination against Plaintiffs.

85. As a result of Defendants' discrimination, Plaintiffs are entitled to monetary damage and compensatory damages, including emotional distress and punitive damages.

## SIXTH CLAIM FOR RELIEF
### (NYCHRL- Retaliation)
### (Brought by all Plaintiffs)

86. Plaintiffs incorporate by reference each allegation of each preceding paragraph.

87. In violation of NYCHRL, Defendants intentionally retaliated against Plaintiffs for complaining about sexual harassment by drastically reducing their shifts and/or terminating their employment.

88. Defendant Sean Meenan is the Owner and Chief Executive Officer of 229 Elizabeth Corp.

89. Defendant Sean Meenan was actively involved in the discrimination against Plaintiffs.

90. As a result of Defendants' discrimination, Plaintiffs are entitled to monetary damage, including backpay and frontpay and compensatory damages, including emotional distress and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

A. declaring that Defendants' actions and practices violated federal, state, and city laws;

B. permanently enjoining Defendants from engaging in actions or practices that discriminate against any employees or job applicants because of their gender or sex;

C. directing Defendants to make Plaintiffs whole by providing them:

   a. An award of front pay, back pay, reimbursement for any and all lost benefits, and reimbursement for any and all medical expenses for injuries caused or exacerbated by Defendants;

   b. An award of compensatory damages for the emotional distress caused by Defendants' discrimination and harassment against Plaintiffs;

   c. An award of punitive damages sufficient to punish and deter continuation of Defendants' unlawful employment practices;

   d. Penalties available under applicable laws;

   e. Costs of action incurred herein, including expert fees;

   f. Attorneys' fees, including fees pursuant to applicable statutes;

   g. Pre-Judgment and post-judgment interest, as provided by law; and

D. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
June 24, 2011

Respectfully submitted,

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Matthew Kadushin
233 Broadway
5th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Monica Mateo<br>108 Wayne Street<br>Apt. 1<br>Jersey City, NJ 07302 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2010-01706 | Andrea Hahm,<br>Investigator | (212) 336-3749 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____    5-23-11
Kevin J. Berry,                    (Date Mailed)
District Director

Enclosures(s)

229 ELIZABETH CORP. D/B/A HABANA CAFE
17 Prince Street
New York, NY 19106
Attn: Human Resources

Joseph Herzfeld Hester & Kirschenbaum LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Attn: Madelin Kolbe-Saltzman

Jaroslawicz & Jaros LLC
225 Broadway, 24th Floor
New York, NY 10007
Attn: David Jaroslawicz

EEOC Form 161-B (11/09)       **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Teliza Adams<br>201 North 8th Street<br>Unit 109<br>Philadelphia, PA 19106 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2010-01705 | Andrea Hahm,<br>Investigator | (212) 336-3749 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_/s/ Kevin Berry_  5-23-11
Kevin J. Berry,                              (Date Mailed)
District Director

Enclosures(s)

cc:  **229 ELIZABETH CORP. D/B/A HABANA CAFE**          Joseph Herzfeld Hester & Kirschenbaum LLP
     17 Prince Street                                    757 Third Avenue, 25th Floor
     New York, NY 19106                                  New York, NY 10017
     Attn: Human Resources                               Attn: Madelin Kolbe-Saltzman

     Jaroslawicz & Jaros LLC
     225 Broadway, 24th Floor
     New York, NY 10007
     Attn: David Jaroslawicz

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Xiomara Fernandez<br>1443 E. 92nd Street<br>Brooklyn, NY 11236 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2010-01657 | Andrea Hahm,<br>Investigator | (212) 336-3749 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Kevin Berry  5-23-11
Kevin J. Berry,  (Date Mailed)
District Director

Enclosures(s)

229 ELIZABETH CORP. D/B/A HABANA CAFE
17 Prince Street
New York, NY 19106
Attn: Human Resources

Jaroslawicz & Jaros LLC
225 Broadway, 24th Floor
New York, NY 10007
Attn: David Jaroslawicz

Joseph Herzfeld Hester & Kirschenbaum LLP
757 Third Avenue, 25th Floor
New York, NY 10017
Attn: Madelin Kolbe-Saltzman